# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **Jacob T. Unger,**<br><br>Plaintiff,<br><br>v.<br><br>**Timothy C. Carter,**<br><br>Defendant. | Civil Action No. 5:25-cv-00029<br><br>**Declaration of Elliott M. Harding** |

I, Elliott M. Harding, Esq., declare as follows.

1. I am counsel for Plaintiff Jacob T. Unger in this action. I make this declaration on personal knowledge.

2. In discovery, Defendant Timothy C. Carter produced documents bearing Bates numbers Def. 0001 through Def. 1134. Pages Def. 1098 through Def. 1134 came in a file titled "Def. 1098 - 1134 - 1st Supplement." Carter's counsel's office served that supplement on August 24, 2026, by an email sent at 4:42 p.m. that attached Defendant's First Supplemental Responses to Plaintiff's First Requests for Production and stated that the additional records had been uploaded to the link used for Carter's August 18 production.

3. Exhibit A to this declaration is a true copy of pages Def. 1110 through Def. 1118 as Carter produced them.

4. Exhibit B to this declaration is a true copy of pages Def. 1124 through Def. 1127 as Carter produced them.

5. Exhibit C to this declaration is a true copy of pages Def. 1119 through Def. 1122 as Carter produced them.

6. Exhibit D to this declaration is a true copy of pages Def. 0024 through Def. 0028, Def. 0031, Def. 0084, Def. 0106 through Def. 0117, and Def. 0184 as Carter produced them.

7. In discovery, Carter produced a video file bearing the Bates number Def. 0020. Exhibit E to this declaration is a true copy of that file as Carter produced it. Exhibit E is a video file and cannot be filed electronically. I am submitting it through Box.com as paragraph 17 of the Scheduling Order directs. Dkt. No. 22.

8. Exhibit F to this declaration is a true copy of an article by Alex Bridges titled "Shenandoah County deputy sheriff fired over handling of crash," which The Northern Virginia Daily published on May 7, 2024. The article appears on the newspaper's website at the address printed at the top of its first page, which I last visited on October 1, 2026.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 1, 2026.

/s/ Elliott M. Harding
Elliott M. Harding, Esq.
Harding Counsel, PLLC
123 E. Main St., Eighth Floor
Charlottesville, VA 22902
E: Elliott@HardingCounsel.com
P: 434-962-8465

# EXHIBIT A

04/25/2024

- Elizabeth telephoned me on Friday afternoon regarding Jacob Unger working a DUI call and eventually tearing up a Reckless driving ticket/summons after he let the driver go on a DUI stop. The driver was Kyle Ortts. Elizabeth knew that Unger responded as the investigating officer - Hank Hoover and Keith Staffa responded also. She seemed to know quit a bit about the details of the incident which included that Ortts had crashed into a building or barn, that he was not arrested or investigated for the DUI when we knew that he ~~dr~~ had been drinking, and she knew ~~that~~ that the PBT reading was above legal limit.

- Apparently this had happened about two weekends ago. My initial reaction was, there's no way that happened the way you've (Elizabeth) was describing it. But I assured her I would check on it and get back with her.

- I called Glenn and Kolter - neither knew anything about the incident initially. About an hour later Glenn called me

back and told me that he had found a call that looked like what had been reported. At some point as we tracked phone calls - I determined that there was something to Elizabeth's complaint. I called her back and told her that I had initiated an internal review of the call and I would let her know what I found out.

- I asked Glenn to do the Internal Review - while I contacted Landon and told him to search evidence.com and determine if we had any body or field camera evidence of the call. If we did, please lock it down and secure it.

- During the weekend as I talked w/ Glenn and Landon, I found that there were no photos in evidence.com, no photos on the SCSO phone issued to Unger, and the single video (body camera) was not flagged or saved - in other words it was set to self-delete in about 15 days (Policy is that video's not saved will delete in 30 days.)

- I met w/ Glenn prior to the meeting w/ Unger. I asked if Unger had ever made a DUI arrest before - Glenn told me that he had. He said that Unger had also been to a specialized DUI school recently in addition to the DUI training that he had received in his Law Enforcement class.

- Glenn confirmed that the only evidence we had was the body camera video. There were no statements from the property owner or the suspect. He also confirmed that there were no measurements of the crash scene, no photos of damage to the building or vehicle, no photos of tire marks in the road - skidding, spinning, sliding - or photos of tracks in the shoulder.

- Glenn confirmed that there had been yaw marks in the road from talking to people (Staffa?) on scene. He also confirmed that the building damage had been repaired by the time we received the complaint.

- When I met w/ Staffa - He confirmed that he gave Unger two choices regarding the summons for reckless driving. He told me that he believed Judge Tisinger would give

Unger a little cleaning if he tried to amend the code section on the summons. And since he was a younger deputy, he did not want him to go through that. Staffa also told me that the other choice was for Unger to get the summons back from the suspect and destroy it since the summons had not left the Sheriff's Office

- I suspended Staffa w/o pay until I decided what to do with his position. I told him that giving the one option - to amend the charge - was the best option. He said that he understood, he just didn't want Unger to go through the criticism from the court

- I talked with Sgt Green - the other Sgt on the squad - he had supposedly talked w/Unger. Green told me that they (Unger and Hoover) had come to him - before the ticket was destroyed - he thought - and went over the two options/choices that Staffa had given Unger. Green said - "I told them that didn't sound right and I would get another summons with the right charge (code section) or just amend the charge," but he said he could not remember exactly

what day it was - either the next day, but it was soon after they had met w/ Staffa.

- I met with Unger on Monday (4/22). I went over both videos with him - body camera and building camera. I paused and counted each time Curtis said that he had been drinking. I pointed out that Unger had explained to Curtis several times that he was "over the legal limit." I paused the video other times like when Unger showed the alcohol content of the alcosensor (PBT) and when he and Hoover seemed to lower ~~the~~ their voices and talked about "officer discretion." Unger had no explanation of what was officer discretion regarding a DUI that he had told was over the legal limit.

- The whole conversation was frustrating and deceptive. His only real explanation was that he "messed up." He never really explained what he meant by that. I asked him if he was friends with Curtis. He answered as though he vaguely knew him even when I pointed out that his conversation with Curtis showed that he understood who Curtis said he had been drinking with. It was

my understanding that Unger had known Butts since childhood, but Unger was very vague as to his relationship with Butts.

- Unger did not acknowledge - basically he just sat stone-faced when I asked him why didn't he choose the other option that Staffa had suggested. He did not respond when I asked about talking to the other supervisor who had told him to get another summons or change the charge. - I am referring to the Reckless Driving charge that was ultimately written

- I told him that it appeared to me that he was trying to let his buddy off, at first with the DUI, then the Reckless Driving charge. It seemed that he was trying to lay all the blame on Staffa and take no responsibility for his own actions. I mentioned the fist bumps and the pat on the back in the parking lot - those were friendly gestures, things that you do with your buddy.

- I asked if he had called or talked to anyone about his decision to clean up the

Reckless Driving ticket. He confirmed that he had not. I pointed out that he had not called me, the Chief Deputy, the Captain, his patrol lieutenant, no one - except for another agency. I knew that he had talked to Greer, but Unger did not acknowledge the conversation. I also know that Unger had previously contacted me and other supervisors regarding personal and business issues, marital issues, family related issues, issues with SCSO staff that were personally related to him and his family - But I pointed out to him that this issue was set in motion to simply disappear - and had it not been for someone complaining to the Commonwealth's Attorney - no one would have known anything about the DUI and crash.

- I asked Unger about the lowering of his voice when he and Hoover were talking - he said he didn't realize it was. I asked why would he turn his camera off and never put it back on - he never really answered except to say that Staffa said something to the effect that the DUI needed to be changed to a Reckless driving charge. But there was no explanation as to why the camera was not cut back on

even when he initiated the Reckless Driving charge. He did not use it to record any other statements or collect any other evidence (video of the damages, road marks, statement from property owner, or other information from ~~$~~Ortts)

- I printed a letter terminating his appointment on SCSO letterhead and signed it. I told Unger that the public expects us to arrest drunk drivers whether they are ~~our~~ our friends or not - the public expects us to be honest. And in my opinion, through his conduct and deception, he was simply trying to make a charge of his friend go away and blame someone else. I reminded him of his training and that the call - the DUI crash or Reckless Driving crash was his case. I told him that since the suspect in a DUI crash was let go and the ticket had been destroyed, of course the public was now aware of the incident and there was public criticism of the Sheriff's Office. I told him that I would release the videos of the incident to make the public aware that this conduct was not tolerated by the administration. I was

frustrated and upset. Unger lied to me and other supervisors, as well as another agency through his actions and omissions. Once I finished reading the letter and explaining these things, I told Unger to leave - actually quit the fuck out of the office.

# EXHIBIT B

- I WAS CONTACTED BY SHERIFF CARTER WHO RECEIVED A CALL FROM CA COOPER ABOUT A DUI THAT JACOB UNGER LET GO. HE ALSO INFORMED ME THAT UNGER HAD TORE UP A SUMMONS. I TOLD HIM THAT I KNEW NOTHING ABOUT THE CASE. SHERIFF ASSIGNED CAPT. OGLE TO INVESTIGATE THE COMPLAINT
- STROOP LEARNED FROM CAPT. OGLE'S REPORT THAT THE INCIDENT DID IN FACT OCCUR. STROOP REVIEWED THE BODY CAMERA FOOTAGE FROM THE INCIDENT.

- ON 4-22-24, SHERIFF, OGLE, AND I MET WITH UNGER IN REGARDS TO THE INTERNAL REVIEW. SHERIFF REVIEWED THE TIMELINE OF EVENTS WITH UNGER. HE THEN WENT THROUGH THE BODY CAM FOOTAGE AS WELL AS THE FOOTAGE FROM THE SURVEILLANCE VIDEO AT THE SCSO. UNGER MADE VERY FEW STATEMENTS DURING THE MEETING OTHER THAN SAYING, "I MESSED UP!" SHERIFF READ THE TERMINATION LETTER TO UNGER AND TOLD HIM THAT HIS ACTIONS WERE DECEITFUL, AND THIS OFFICE AND THE COMMUNITY EXPECTED BETTER. SHERIFF TOLD UNGER TO GET THE FUCK OUT OF MY OFFICE AND IF THIS OFFICE RECEIVED CRITISM, HE WOULD HAVE TO RELEASE THE BODY CAM FOOTAGE.

- UNGER FREQUENTLY TALKED TO STROOP ABOUT PERSONAL MATTERS AND WORK MATTERS. HE ALWAYS SEEMED COMFORTABLE ASKING QUESTIONS OR BRINGING ISSUES TO STROOP. HE

could not understand why Unger did not come to Strapp or anyone in command about this.

- On 4/23/2024, Sheriff Carter, Capt. Oggs and I met with CA Cooper. The purpose of the meeting was to discuss criminal elements of this case as well as any Brady issues. Cooper advised there were no criminal charges the deputies nor Unger would face. She also advised that she would not be pursuing charges on Ortiz. The only evidence we had for the case was the body cam footage and deputies testimony. She did not feel comfortable without having FST's, photos or any other evidence. Cooper asked why Staffen had not been fired. Sheriff told her because Staffen was honest? Staffen gave Unger two options on how to correct the summons issue, one option was not correct and bad advice but the other option was the correct way to handle it. Cooper said that makes sense. Sheriff to Cooper that he told Unger to get the fuck out of his office and asked if committed a crime by saying those words. She stated no. Cooper was going to look into the Brady issue and would let us know. If Staffen & Hoover had a Brady issue Sheriff said he would have to let them go.

- Cooper contacted Sheriff Carter and I, she stated this was not a Brady issue for Staffen or Hoover.

- On 4/22/24, prior to meeting with Cooper, Carter & Strong spoke to Jonathan Bansberger via phone. He spoke to him in reference to the decertification hearing for Unger. He told him that he would be speaking to the Commonwealth in reference to any criminal charges. He advised that if there were charges placed on Unger, the hearing would be postponed until after the case was settled.

- Sheriff Carter and I met with Sgt. Straffo. Sheriff reviewed the timeline of events. Straffo understood that he gave poor advice in destroying the summons. Straffo stated that he felt Unger had mishandled the DUI & when he told him to issue the summons, Unger wrote it under the wrong code section. Straffo was trying to save Unger from getting criticized in court. Straffo appeared to be honest & admitted fault. Sheriff told him he would let him know what disciplinary action was going to be taken when he heard from Cooper.

- After the phone call from Cooper, Straffo was told that he would be demoted.

- During the decertification hearing, Unger testified that he did take photos of the scene at the motor vehicle crash. However he deleted the photos because no criminal charges were placed. At no time during the investigation did Unger say he took photos.

LT. RITENOUR (IT MANAGER) SEARCHED THE EVIDENCE.COM SYSTEM, AT THE DIRECTION OF SHERIFF CARTER, IMMEDIATELY AFTER SHERIFF CARTER RECEIVED THE COMPLAINT. HE LOOKED FOR ANYTHING INVOLVED IN THE CALL. THE ONLY VIDEO WAS FROM UNGER'S BODY CAM AND NO PHOTOS WERE PRESENT. UNGER'S VIDEO WAS NOT CATEGORIZED MEANING IT WOULD HAVE BEEN AUTOMATICALLY DELETED AFTER 30 DAYS. UNGER'S PHOTOS WERE NEVER UPLOADED.

- DUE TO THE VIDEO NOT BEING CATEGORIZED, THE PHOTOS BEING DELETED, AND THE SUMMONS BEING DESTROYED, IT APPEARED TO ME THAT UNGER WAS TRYING TO MAKE THE CASE DISAPPEAR.

- [illegible]

# EXHIBIT C

CA Meeting Notes 4/22/2024

- Met w/Commonwealth's attorney
- Asked about DUI charge - ? charge - obstruction
- All you have is brief video w/PBT and no other field tests, along with testimony of deputies - evidence maybe enough to charge, but doubtful of a conviction.
- As far as obstruction - being given the option to destroy the summons would be difficult to prove intent
- She was disappointed that more wasn't done to collect additional evidence, like photos, additional field sobriety tests, longer video of investigation.
- Showed her the videos that we able to capture - told her that we had checked for additional evidence, but none was found or knew of.
- Asked me why I fired Luper and not Staffa - told her that Staffa was truthful and

Unger lied to me. It was Unger's case, and I agreed that Staffa gave bad advice, but also gave a proper option - ND Greene had also told Unger to get the proper code section, either amended or a new summons.

- She told us that she wanted to check to see if a Brady letter needed to be issued regarding Staffa's conduct. I told her that he would remain on leave w/o pay until I had a decision from her. If she determined that a letter for Staffa needed to be issued, then I would terminate his appointment also. If not, then I planned to demote him and remove him from supervision.

- She made a comment regarding Cutts' matter being criticized

since it appeared that her son was given special treatment.

- I told her that I did tell Logan to get the fuck out of my office after I was done meeting with him. I told her that I was upset that he was lying to me and trying to blame everything on someone else. I told her that I wanted to make sure she knew that I did curse him. I told her that Glenn and Kolton were there and we were in the same conference room with the door closed as I was meeting with her now.

- She explained that my actions did not constitute any violation of law, and gave examples of other people that

we knew who had used such language in court or other office settings.

- Elizabeth called a few days after meeting and said that she would not be issuing a letter regarding Stafford. I demoted Stafford and JC moved him to another patrol squad.

# EXHIBIT D

# Virginia Department of Criminal Justice Services

# Notification of Eligibility for Decertification

DC-1

Pursuant to § 15.2-1707 of the *Code of Virginia,* this document shall serve as written notice to the Criminal Justice Services Board of the potential eligibility for decertification of the individual listed below.

Submit via Email to: lejdecert@dcjs.virginia.gov *FOR DCJS USE ONLY: CASE ID #:* ____________

**NAME:** Jacob T. Unger

**LAST KNOWN ADDRESS:** [redacted]

**CERTIFIED LAW ENFORCEMENT** ☒ **CERTIFIED JAIL OFFICER** ☐ **DATE OF BIRTH:** [redacted]

**ORIGINAL CERTIFICATION DATE:** 07/16/2022 VERIFIED BY DCJS STAFF *(Initials)*: ____________

**REQUESTING AGENCY:** Shenandoah County Sheriff's Office

**AGENCY POINT OF CONTACT:** Major Kolter A. Stroop

**AGENCY POINT OF CONTACT Email:** kstroop@shencosheriff.com

**AGENCY POINT OF CONTACT Phone:** (540)459-6100

**DATE OF SEPARATION:** 04/22/2024 **Terminated** ☒ **or Resigned** ☐

**Have all grievances and appeals been exhausted or waived for the finding of misconduct and employment separation to be considered final?** **Yes** ☒ **No** ☐*

***If NO, expected date to conclude:** ____________

***(Separation date must be entered into TRACER for Decertification to be processed)***

**REASON FOR DECERTIFICATION (CHECK ALL THAT APPLY/ATTACH SUPPLEMENTAL INFORMATION AS NECESSARY):**

**15.2-1707 (A)**

☐ Convicted of or plead guilty or no contest to a felony or any offense that would be a felony if committed in the Commonwealth. (15.2-1707 (A)(i))

☐ Convicted of or plead guilty or no contest to a Class 1 misdemeanor involving moral turpitude, including but not limited to petit larceny, or any offense involving moral turpitude that would be a misdemeanor if committed in the Commonwealth. (15.2-1707 (A)(ii))

☐ Convicted of or plead guilty or no contest to any misdemeanor sex offense in the Commonwealth, another state, or the United States, including but not limited to sexual battery or consensual sexual intercourse with a minor 15 or older. (15.2-1707 (A)(iii))

☐ Convicted of or plead guilty or no contest to domestic assault or any offense that would be domestic assault under the laws of another state or the United States. (15.2-1707 (A)(iv))

**FOR ALL OF THE ABOVE:**

**DATE OF CONVICTION:** ____________

**FINAL CRIMINAL CHARGE(S):** ____________

**COURT NAME & LOCATION:** ____________

**FOR CRIMINAL CASES: COPY OF JUDGEMENT OF CONVICTION MUST BE SUBMITTED WHEN AVAILABLE**



Def. 0024

# Notification of Eligibility for Decertification

**NAME:** Jacob T. Unger

☐ Failed to comply with or maintain compliance with mandated training requirements. (15.2-1707 (A)(v))

☐ Refusal to submit to a drug screening or has produced a positive result on a drug screening reported to the employing agency, where the positive result cannot be explained to the agency's satisfaction. (15.2-1707 (A)(vi))

**15.2-1707 (B)** (effective March 1st, 2021)

**FOR ALL BELOW:**

**DATE OF INCIDENT OR ACTIONABLE OCCURRENCE:** 04/05/2024
**VIOLATION:**
Serious Misconduct

☒ Terminated or resigns: *(Select all applicable categories)*

- ☐ in advance of being convicted or found guilty of an offense as set forth in subsection (A), clause (i) that requires decertification. (15.2-1707 (B)(i))
- ☐ in advance of a pending drug screening. (15.2-1707 (B)(ii))
- ☐ for a violation of state or federal law. (15.2-1707 (B)(iii))
- ☒ for engaging in serious misconduct as defined in statewide professional standards of conduct adopted by the Board. (15.2-1707 (B)(iv)) (*effective March 14, 2024)
- ☐ while such officer is the subject of a pending internal investigation involving serious misconduct as defined in statewide professional standards of conduct adopted by the Board. (15.2-1707 (B)(v)) (*effective March 14, 2024)
- ☐ for an act committed while in the performance of the officer's duties that compromises an officer's credibility, integrity, honesty, or other characteristics that constitute exculpatory or impeachment evidence in a criminal case. (15.2-1707 (B)(vi))

**A summary of the circumstances associated with this notification, including relevant dates, information to support decertification, pending court dates or grievances, as related to the above violations, must accompany this submission. The Virginia Department of Criminal Justice Services (DCJS) reserves the right to request additional clarification of any submitted information to substantiate the appropriate application of the Decertification Code as it is listed above.**

# Notification of Eligibility for Decertification

**NAME:** Jacob T. Unger

**ADDITIONAL INFORMATION:**
*(Additional Supporting Documentation may be attached and must be in PDF form)*

Please see Attachment #1. - 2 pages

*(Attach additional pages as needed)*

Signature of Sheriff, Chief of Police or Agency Administrator

**Date:** 04/23/2024

Timothy C. Carter
**PRINT NAME**

**Title:** Sheriff

*DCJS Staff: Decertified? Yes ☐ No ☐ Date Completed: ________ Initials: ________*

Unger - Decertification Doc.
4/23/2024

**Attachment #1**

On 04/19/2024 Sheriff T.C. Carter became aware of an incident that occurred on 04/05/2024 in which Jacob Unger was called to investigate a motor vehicle crash with a suspected Drunk Driver. After reviewing the incident, even though the driver admitted to consuming alcohol at least four times, and had crashed into a structure, no effort was made to investigate the Drunk Driving incident. The brief field/body camera video associated with the crash demonstrates that Unger had reasonable suspicion to investigate the potential crime, but the video was terminated after brief communication with the driver and after Unger performed a preliminary breath test, which also indicated that the driver had potentially consumed alcohol prior to the crash. The driver asked Unger what the PBT showed (0,098 BAC) and he told the driver that he was "over the legal limit" and driving intoxicated. Unger relayed that the driver was "over the legal limit" at least five times. At one point, Unger tells the driver, "I'm not that guy....."

Unger approached another patrol deputy and tried to conceal his voice from the recording. At one point, he can be heard saying, I got to do it....." Later, when Unger approaches his Patrol Sergeant, he immediately cuts his body/field camera off – the DUI Investigation was still ongoing at this point. However, Unger's investigation concluded at that point.

Unger made a decision to make a charge of Reckless Driving and was instructed the proper code section for the violation. The summons was issued and the adult driver was allowed to leave with his parents. No evidence was collected at the scene. The next day, Unger was notified by his Patrol Sergeant that the code section on the summons he had issued was not the proper code section that he was instructed to cite. Unger's supervisor told him that he could destroy the summons and go before a magistrate to obtain a summons with the proper charge. But since the matter would receive criticism from the General District Court Judge, he could also destroy the summons since the matter had not gone before the court. Carter interviewed and disciplined the Patrol Supervisor regarding this second alternative and explained that it was improper guidance and flawed.

Even though Unger admitted in the internal SCSO review of this matter that he believed the improper suggestion was in fact improper/flawed, Unger took that action anyway. Unger admitted that he had made a DUI arrest before and it was determined that he had recently attended a DUI training,

On 04/06/2024 Unger contacted the driver, had him return his copy of the summons and while meeting with the driver Unger patted him on the back twice, shoulder tapped him twice, and offered and received a "fist bump" with him as he (the driver) left the SCSO. Unger then destroyed the entire summons. An accident report (FR-300) was subsequently changed to indicate that "no" violation of the law occurred. Unger did not categorize/save the body camera video in evidence,



4/23/2023

Unger - Decertification
4/23/2024

which means that the video would be erased in 30 days. Unger's actions created a scenario where the incident would be erased after 30 days, with the exception of the computer aided dispatch comments or notes, and FR-300 crash report. No photographs of the property damage were taken. No photographs of the yaw mark in the road that indicated the vehicle speed or manner in which it was being driven prior to the crash, were taken

Unger's actions demonstrate that he is not committed to obeying the laws of the Commonwealth of Virginia. His actions in this incident do not uphold the public trust, in that he did not properly and fully investigate the incident of Driving Under the Influence and the crash as it relates to a later decision of Driving Reckless, to the point that Unger improperly destroyed records associated with this incident and there was absolutely no effort to follow through with the proper charge concerning the driver's actions. Lastly, Unger's actions were unethical and do not adhere to the ethical standards for a law enforcement officer of this Office, nor the Commonwealth of Virginia.

Unger's actions in this incident are conduct unbecoming of a law enforcement officer and demonstrate both, an inability and an unwillingness to uphold his sworn oath.

Sheriff Carter told Unger in the internal review interview that the SCSO will make video available to the Virginia Department of Criminal Justice Services De-certification hearing if there is a need.

4/23/2024

# Unger DCJS Hearing 07/25/2024 Outline of Hearing Documents and Video
## Shenandoah County Sheriff's Office

- Cover Sheet LE Basic Academy (CSCJTA) – Arrest Procedures (Outline of training objectives for DCJS Law Enforcement certification from accredited Regional LE Training Academy

**Attachment 6**

- Copy of Commonwealth of Virginia – Department of Motor Vehicles – Police Crash Report (FR300) – 04/05/2024 (Redacted of personal identifiers. Also please note P4, P5, P6, and P7)

**Attachment 7 – Videos Redacted of Personal Identifiers**

- Unger video #1 – 04/05/2024 (SCSO Body/Field Camera Video of motor vehicle crash and subsequent DUI/Traffic investigation that resulted in termination of former Deputy Unger – 3 minutes and 52 seconds)
- Unger video #2 – 04/06/2024 (SCSO exterior building video – no sound - of former Deputy Unger meeting with his friend from the incident that resulted in his termination – 8 minutes and 28 seconds)
- Unger video #3 – 04/21/2023 (SCSO Body/Field Camera Video of a previous DUI Investigation and arrest by former Deputy Unger in 2023 – 57 minutes and 31 seconds)

**Shenandoah County Sheriff's Office's Post**

**Shenandoah County Sheriff's Office**
Published by Timothy C. Carter · May 7, 2024 ·

https://youtu.be/cqb_6fdJSQg

Today Sheriff Timothy Carter interviewed with the Northern Virginia Daily regarding a vehicle crash investigation that occurred last month. Here is the press release for this incident. Body worn camera video and SCSO Building security camera video are linked in the description of the press release.




YOUTUBE.COM
**Press Release, 05 07 2024**

See insights and ads | Boost post

82 124 17

All comments

**Travis L Lutz** · 2y
I think I know who's barn that it. Lol
Reply Hide

**Matt Polk** · 2y
who's????
Reply Hide

**Travis L Lutz** · 2y
Matt Polk Funny
Reply Hide

Reply to Travis L Lutz

**Johnny Weez** · 2y
Is there more body cam footage? Seems like a lot left off? Field sobriety tests completed before the pbt?
Reply Hide Edited

**Chrissy Starry Souders** · 2y
Johnny Weez they were told to turn off the body cams. Interesting? I'd say so!
Reply Hide

Def. 0084

Shenandoah County Sheriff's Office
Woodstock, VA, US

AXON

## EVIDENCE AUDIT TRAIL

### Evidence

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

### Report Generated by

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

### Usage

**Page views:** 39
**File downloads:** 2
**Video playbacks:** 23
**Last Viewed Or Downloaded On:** 06 May 2025 08:57:46

### Source

**Device Type:** Axon Body 3
**Device Name:** X60AC0762
**Serial Number:** X60AC0762
**Other:**

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 1 | 05 Apr 2024 | 23:38:04 (-04:00) | **System** | Recording started due to button press<br>Pre-event audio recording: Disabled<br>Video mask: Disabled |
| 2 | 05 Apr 2024 | 23:41:54 (-04:00) | **System** | Recording stopped due to button press |
| 3 | 06 Apr 2024 | 18:53:23 (-04:00) | **System** | Evidence upload started when camera was docked |
| 4 | 06 Apr 2024 | 18:53:23 (-04:00) | **System** | Evidence Record Created |
| 5 | 06 Apr 2024 | 18:53:23 (-04:00) | **Unger, Jacob (Badge ID: 24-3125)**<br>Username: junger<br>User ID: 8b2b3df2eeb84d1aa9516371cbe08c55 | Evidence title added: 'Axon Body 3 Video 2024-04-05 2338 X60AC0762' |
| 6 | 06 Apr 2024 | 18:54:24 (-04:00) | **System** | Evidence Uploaded with Checksum.<br><br>Computed Checksum: TREE-1024k 070c327e4f063e088f0c449585292930fe7b2462329aae3641afb4e8db855763ce |
| 7 | 06 Apr 2024 | 18:54:24 (-04:00) | **System** | Evidence Authenticity Validated.<br>Device Serial Number: X60AC0762 |
| 8 | 06 Apr 2024 | 18:54:24 (-04:00) | **System** | Evidence successfully uploaded when camera was docked |
| 9 | 06 Apr 2024 | 18:54:25 (-04:00) | **System** | Evidence automatically deleted from device after successful upload when docked |
| 10 | 06 Apr 2024 | 18:54:25 (-04:00) | **Unger, Jacob (Badge ID: 24-3125)**<br>Username: junger<br>User ID: 8b2b3df2eeb84d1aa9516371cbe08c55 | Retention Level Updated<br>Update source is Uncategorized Retention<br>Deletion is now scheduled for 28 Apr 2024 23:38:04 (-04:00) |
| 11 | 06 Apr 2024 | 18:54:27 (-04:00) | **System** | System Detected Incorrect Recorded Duration<br>Recorded duration changed from 232.405 to 232.406. |

**Shenandoah County Sheriff's Office**
**Woodstock, VA, US**

AXON

**EVIDENCE AUDIT TRAIL**

**Evidence**

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

**Report Generated by**

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 12 | 06 Apr 2024 | 18:56:49 (-04:00) | **System** | Evidence Checksum Recomputed.<br><br>Computed Checksums:<br>TREE-1024k 070c327e4f063e088f0c4495852929 30fe7b2462329aae3641afb4e8db855763ce<br>SHA-256 40301301b8e6f8e2cb0da90cf79e4bd7 2c052ea8b8a8ebe0d1d17170ff3bbdcf |
| 13 | 09 Apr 2024 | 04:19:38 (-04:00) | **Poff, Warren (Badge ID: 3107)**<br>Username: wpoff<br>User ID: a10c262c45a74232970e19111317ffd0 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 14 | 09 Apr 2024 | 04:19:39 (-04:00) | **Poff, Warren (Badge ID: 3107)**<br>Username: wpoff<br>User ID: a10c262c45a74232970e19111317ffd0 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 15 | 09 Apr 2024 | 04:19:43 (-04:00) | **Poff, Warren (Badge ID: 3107)**<br>Username: wpoff<br>User ID: a10c262c45a74232970e19111317ffd0 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 16 | 20 Apr 2024 | 09:32:35 (-04:00) | **Staffa, Keith (Badge ID: 3115)**<br>Username: kstaffa<br>User ID: d89c71cd3f9e4f3fbcb73b6d73581425 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 17 | 20 Apr 2024 | 09:32:36 (-04:00) | **Staffa, Keith (Badge ID: 3115)**<br>Username: kstaffa<br>User ID: d89c71cd3f9e4f3fbcb73b6d73581425 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 18 | 20 Apr 2024 | 09:32:38 (-04:00) | **Hall, Bo (Badge ID: 24-3102)**<br>Username: whall<br>User ID: 03342a43e2ca4d24976a1ea8078b2fe8 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 19 | 20 Apr 2024 | 09:32:39 (-04:00) | **Hall, Bo (Badge ID: 24-3102)**<br>Username: whall<br>User ID: 03342a43e2ca4d24976a1ea8078b2fe8 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 20 | 20 Apr 2024 | 09:32:52 (-04:00) | **Hall, Bo (Badge ID: 24-3102)**<br>Username: whall<br>User ID: 03342a43e2ca4d24976a1ea8078b2fe8 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 21 | 20 Apr 2024 | 09:49:22 (-04:00) | **Hall, Bo (Badge ID: 24-3102)**<br>Username: whall<br>User ID: 03342a43e2ca4d24976a1ea8078b2fe8 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 22 | 20 Apr 2024 | 09:49:22 (-04:00) | **Hall, Bo (Badge ID: 24-3102)**<br>Username: whall<br>User ID: 03342a43e2ca4d24976a1ea8078b2fe8 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 23 | 20 Apr 2024 | 09:49:28 (-04:00) | **Hall, Bo (Badge ID: 24-3102)**<br>Username: whall<br>User ID: 03342a43e2ca4d24976a1ea8078b2fe8 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |

**Shenandoah County Sheriff's Office**
**Woodstock, VA, US**

AXON

**EVIDENCE AUDIT TRAIL**

**Evidence**

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

**Report Generated by**

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 24 | 20 Apr 2024 | 09:57:06 (-04:00) | **Hall, Bo (Badge ID: 24-3102)**<br>Username: whall<br>User ID: 03342a43e2ca4d24976a1ea8078b2fe8 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 25 | 20 Apr 2024 | 09:57:06 (-04:00) | **Hall, Bo (Badge ID: 24-3102)**<br>Username: whall<br>User ID: 03342a43e2ca4d24976a1ea8078b2fe8 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 26 | 20 Apr 2024 | 15:52:10 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | External ID '24-40047' added |
| 27 | 20 Apr 2024 | 15:52:15 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 28 | 20 Apr 2024 | 15:52:16 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 29 | 20 Apr 2024 | 15:52:23 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 30 | 20 Apr 2024 | 16:52:54 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 31 | 20 Apr 2024 | 16:52:56 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 32 | 20 Apr 2024 | 16:53:14 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 33 | 20 Apr 2024 | 17:06:25 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence access class changed to Restricted. |
| 34 | 20 Apr 2024 | 17:06:25 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Ritenour, Landon (Badge ID: 3302) was granted Role-based access. Access expires: no expiration |
| 35 | 20 Apr 2024 | 17:28:31 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 36 | 20 Apr 2024 | 17:28:32 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |

Shenandoah County Sheriff's Office
Woodstock, VA, US

AXON

EVIDENCE AUDIT TRAIL

**Evidence**

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

**Report Generated by**

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 37 | 20 Apr 2024 | 17:28:41 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 38 | 20 Apr 2024 | 17:29:11 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Ogle, Glenn (Badge ID: 3101) was granted Role-based access. Access expires: no expiration |
| 39 | 20 Apr 2024 | 17:29:11 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Stroop, Kolter (Badge ID: 302) was granted Role-based access. Access expires: no expiration |
| 40 | 20 Apr 2024 | 17:29:22 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 41 | 20 Apr 2024 | 17:29:23 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 42 | 20 Apr 2024 | 17:29:39 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Category 'Internal' Added |
| 43 | 20 Apr 2024 | 17:29:39 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Retention Level Updated<br>Deletion is no longer scheduled<br>Source of update is Category Internal |
| 44 | 20 Apr 2024 | 17:29:44 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 45 | 20 Apr 2024 | 18:31:03 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 46 | 20 Apr 2024 | 18:31:05 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 47 | 22 Apr 2024 | 15:58:03 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 48 | 22 Apr 2024 | 15:58:05 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 49 | 22 Apr 2024 | 15:59:12 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |

**Shenandoah County Sheriff's Office**
**Woodstock, VA, US**

AXON

**EVIDENCE AUDIT TRAIL**

**Evidence**

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

**Report Generated by**

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 50 | 22 Apr 2024 | 15:59:13 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 51 | 22 Apr 2024 | 15:59:17 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 52 | 22 Apr 2024 | 16:13:13 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 53 | 22 Apr 2024 | 16:13:15 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 54 | 22 Apr 2024 | 16:18:14 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 55 | 22 Apr 2024 | 17:40:01 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 56 | 22 Apr 2024 | 17:40:02 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 57 | 22 Apr 2024 | 17:40:26 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | External ID Updated from '24-40047' to '2024-40047' |
| 58 | 22 Apr 2024 | 17:53:01 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 59 | 22 Apr 2024 | 17:53:02 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 60 | 22 Apr 2024 | 17:53:05 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 61 | 23 Apr 2024 | 09:17:48 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 62 | 23 Apr 2024 | 09:17:50 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |

**Shenandoah County Sheriff's Office**
**Woodstock, VA, US**

AXON

**EVIDENCE AUDIT TRAIL**

**Evidence**

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

**Report Generated by**

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 63 | 23 Apr 2024 | 09:33:09 (-04:00) | **Stroop, Kolter (Badge ID: 302)**<br>Username: kstroop<br>User ID: 31d50acb6cca4b12901e595b18b0b065 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 64 | 23 Apr 2024 | 11:53:05 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 65 | 23 Apr 2024 | 11:53:08 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 66 | 23 Apr 2024 | 11:53:22 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 67 | 24 Apr 2024 | 09:00:42 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 68 | 24 Apr 2024 | 09:00:43 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 69 | 24 Apr 2024 | 09:03:59 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 70 | 24 Apr 2024 | 13:23:11 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 71 | 24 Apr 2024 | 13:23:12 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 72 | 24 Apr 2024 | 13:23:59 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 73 | 24 Apr 2024 | 15:03:09 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 74 | 24 Apr 2024 | 15:03:11 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 75 | 24 Apr 2024 | 15:07:21 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Streamed. Client IP Address: 204.111.55.18 |

**Shenandoah County Sheriff's Office**
**Woodstock, VA, US**

AXON

**EVIDENCE AUDIT TRAIL**

**Evidence**

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

**Report Generated by**

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 76 | 25 Apr 2024 | 20:06:11 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 77 | 25 Apr 2024 | 20:06:12 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 78 | 25 Apr 2024 | 20:12:09 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 79 | 30 Apr 2024 | 10:37:53 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 80 | 30 Apr 2024 | 10:37:54 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 81 | 30 Apr 2024 | 10:44:21 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 82 | 02 May 2024 | 12:38:54 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 83 | 02 May 2024 | 12:38:56 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 84 | 02 May 2024 | 12:39:10 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Downloaded; Internal Record ID: FILE:0007FD7C01FA4A72B7625F71CBDCBBDF @B2BDDC586BF84C7F9FBCE2E8CD99C22B Client IP Address: 204.111.55.18 |
| 85 | 03 May 2024 | 08:05:55 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 86 | 03 May 2024 | 08:05:56 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 87 | 03 May 2024 | 08:06:01 (-04:00) | **Ogle, Glenn (Badge ID: 3101)**<br>Username: gogle<br>User ID: 5b652fbd6b5a4e88a8279c26b64a072c | Evidence Record Streamed. Client IP Address: 204.111.55.18 |

Shenandoah County Sheriff's Office
Woodstock, VA, US

AXON

EVIDENCE AUDIT TRAIL

**Evidence**

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

**Report Generated by**

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 88 | 06 May 2024 | 15:51:14 (-04:00) | **Ritenour, Landon (Badge ID: 3302)** Username: lritenour User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 89 | 06 May 2024 | 15:51:16 (-04:00) | **Ritenour, Landon (Badge ID: 3302)** Username: lritenour User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 90 | 06 May 2024 | 15:51:23 (-04:00) | **Ritenour, Landon (Badge ID: 3302)** Username: lritenour User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 91 | 07 May 2024 | 10:37:26 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)** Username: mvernazza User ID: 2e1cf700f93549c9b41c8fe783739843 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 92 | 07 May 2024 | 10:37:28 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)** Username: mvernazza User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 93 | 07 May 2024 | 10:37:43 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)** Username: mvernazza User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 94 | 07 May 2024 | 10:37:43 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)** Username: mvernazza User ID: 2e1cf700f93549c9b41c8fe783739843 | Redaction Studio loads successfully with Redaction_ID 54bca574-8044-4f7f-991a-3579bd2310f4. Client IP Address: 204.111.55.18 |
| 95 | 07 May 2024 | 10:54:00 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)** Username: mvernazza User ID: 2e1cf700f93549c9b41c8fe783739843 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 96 | 07 May 2024 | 10:55:38 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)** Username: mvernazza User ID: 2e1cf700f93549c9b41c8fe783739843 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 97 | 07 May 2024 | 10:55:38 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)** Username: mvernazza User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 98 | 07 May 2024 | 10:57:11 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)** Username: mvernazza User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 99 | 07 May 2024 | 11:17:57 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)** Username: mvernazza User ID: 2e1cf700f93549c9b41c8fe783739843 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |

Shenandoah County Sheriff's Office
Woodstock, VA, US

AXON

EVIDENCE AUDIT TRAIL

**Evidence**

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

**Report Generated by**

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 100 | 07 May 2024 | 11:19:35 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 101 | 07 May 2024 | 11:19:35 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Redaction Studio loads successfully with Redaction_ID 9b259eac-bbfd-45cc-b1fe-518c5ab2a319. Client IP Address: 204.111.55.18 |
| 102 | 07 May 2024 | 11:19:39 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 103 | 07 May 2024 | 11:19:39 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 104 | 07 May 2024 | 11:19:50 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 105 | 07 May 2024 | 11:19:50 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Redaction Studio loads successfully with Redaction_ID 9b259eac-bbfd-45cc-b1fe-518c5ab2a319. Client IP Address: 204.111.55.18 |
| 106 | 07 May 2024 | 11:19:52 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 107 | 07 May 2024 | 11:42:48 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Redaction Studio evidence extraction request received. |
| 108 | 07 May 2024 | 11:43:03 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 109 | 07 May 2024 | 11:43:03 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 110 | 07 May 2024 | 11:56:06 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Video Clip Added: "(Extraction 2.1) Axon Body 3 Video 2024-04-05 2338 X60AC0762" (00:00:00.000 to 00:00:00.000) Evidence ID e42784e536014cc3bde24db967df8c4b URL: https://ShenandoahCountySOVA.evidence.com/axon/evidence?evidence_id=e42784e536014cc3bde24db967df8c4b |



Def. 0114

Shenandoah County Sheriff's Office
Woodstock, VA, US

AXON

**EVIDENCE AUDIT TRAIL**

**Evidence**

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

**Report Generated by**

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 111 | 07 May 2024 | 11:58:10 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 112 | 07 May 2024 | 11:58:12 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 113 | 07 May 2024 | 11:58:30 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Mauck, Whitney (Badge ID: 3401) was granted View-only access. Access expires: no expiration |
| 114 | 07 May 2024 | 12:32:26 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 115 | 07 May 2024 | 12:32:28 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 116 | 07 May 2024 | 12:33:31 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 117 | 07 May 2024 | 12:33:31 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Redaction Studio loads successfully with Redaction_ID 9b259eac-bbfd-45cc-b1fe-518c5ab2a319. Client IP Address: 204.111.55.18 |
| 118 | 07 May 2024 | 12:33:43 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 119 | 07 May 2024 | 12:33:48 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 120 | 07 May 2024 | 12:33:48 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Redaction Studio loads successfully with Redaction_ID 9b259eac-bbfd-45cc-b1fe-518c5ab2a319. Client IP Address: 204.111.55.18 |
| 121 | 07 May 2024 | 12:33:51 (-04:00) | **Vernazza, Mitch (Badge ID: 3301)**<br>Username: mvernazza<br>User ID: 2e1cf700f93549c9b41c8fe783739843 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 122 | 07 May 2024 | 13:14:44 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | CID Supervisor, CID Supervisor (Badge ID: 0001) was granted Role-based access. Access expires: no expiration |



Def. 0115

Shenandoah County Sheriff's Office
Woodstock, VA, US

AXON

EVIDENCE AUDIT TRAIL

**Evidence**

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

**Report Generated by**

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 123 | 07 May 2024 | 13:15:04 (-04:00) | **CID Supervisor, CID Supervisor (Badge ID: 0001)**<br>Username: cid1<br>User ID: be104492a417483abd60815aabad680a | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 124 | 07 May 2024 | 13:15:05 (-04:00) | **CID Supervisor, CID Supervisor (Badge ID: 0001)**<br>Username: cid1<br>User ID: be104492a417483abd60815aabad680a | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 125 | 07 May 2024 | 13:20:50 (-04:00) | **CID Supervisor, CID Supervisor (Badge ID: 0001)**<br>Username: cid1<br>User ID: be104492a417483abd60815aabad680a | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 126 | 07 May 2024 | 13:20:51 (-04:00) | **CID Supervisor, CID Supervisor (Badge ID: 0001)**<br>Username: cid1<br>User ID: be104492a417483abd60815aabad680a | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 127 | 07 May 2024 | 13:21:13 (-04:00) | **CID Supervisor, CID Supervisor (Badge ID: 0001)**<br>Username: cid1<br>User ID: be104492a417483abd60815aabad680a | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 128 | 07 May 2024 | 15:17:22 (-04:00) | **Mauck, Whitney (Badge ID: 3401)**<br>Username: wmauck3120<br>User ID: f9f7a34b76f648d3ab33fe599d010f63 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 129 | 07 May 2024 | 15:17:23 (-04:00) | **Mauck, Whitney (Badge ID: 3401)**<br>Username: wmauck3120<br>User ID: f9f7a34b76f648d3ab33fe599d010f63 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 130 | 05 Jul 2024 | 10:29:51 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 131 | 05 Jul 2024 | 10:29:52 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 132 | 05 Jul 2024 | 10:41:00 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 133 | 05 Jul 2024 | 10:41:01 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 134 | 28 Apr 2025 | 15:35:41 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 135 | 28 Apr 2025 | 15:35:43 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |



Def. 0116

**Shenandoah County Sheriff's Office**
**Woodstock, VA, US**

AXON

## EVIDENCE AUDIT TRAIL

**Evidence**

**Evidence ID:** 2024-40047
**Categories:** Internal
**Title:** Axon Body 3 Video 2024-04-05 2338 X60AC0762
**Document Checksum:** SHA256-40301301b8e6f8e2cb0da90cf79e4bd72c052ea8b8a8ebe0d1d17170ff3bbdcf

**Record Start:** 05 Apr 2024 23:38:04 (-04:00)
**Uploaded:** 06 Apr 2024 18:54:25 (-04:00)
**Uploader:** Unger, Jacob (Badge ID: 24-3125)
**Unique ID:** 884D9B8B1E3244CA82856BE470560060

**Report Generated by**

**Name:** Ritenour, Landon (Badge ID: 3302)
**Username:** lritenour
**Local Timezone:** Eastern Daylight Time (UTC -04:00)
**Generated on:** 06 May 2025 08:57:45 (-04:00)

**Audit data current as of:** 06 May 2025 08:57:42 (-04:00)
**Audit Trail Date Range:** 04 Apr 2024 - 06 May 2025

| # | Date | Time | User | Activity |
|---|---|---|---|---|
| 136 | 28 Apr 2025 | 15:35:50 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Streamed. Client IP Address: 204.111.55.18 |
| 137 | 28 Apr 2025 | 15:51:48 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 138 | 28 Apr 2025 | 15:51:49 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 139 | 28 Apr 2025 | 15:52:17 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Downloaded; Internal Record ID: FILE:0007FD7C01FA4A72B7625F71CBDCBBDF@B2BDDC586BF84C7F9FBCE2E8CD99C22B Client IP Address: 204.111.55.18 |
| 140 | 28 Apr 2025 | 15:53:23 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Annotation 'Downloaded for case file' Added |
| 141 | 06 May 2025 | 08:56:55 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Record Accessed. Client IP Address: 204.111.55.18 |
| 142 | 06 May 2025 | 08:56:56 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Media File Buffered by System at Page Load. Client IP 204.111.55.18 |
| 143 | 06 May 2025 | 08:57:26 (-04:00) | **Ritenour, Landon (Badge ID: 3302)**<br>Username: lritenour<br>User ID: 7dea5f1782804186b88f0ed26911ea78 | Evidence Audit Trail Downloaded |

19 April

Sheriff Timothy C. Carter

# SHENANDOAH COUNTY SHERIFF'S OFFICE

810 North Main Street, Suite 1 • Woodstock, Virginia 22664
(540) 459-6100 FAX (540) 459-6114 Email: sheriff@shencosheriff.com
Twitter: ShenCoSheriffVA www.shencosheriff.com Facebook: shencosheriff

22 April 2024

Jacob Unger
5865 Lonas Street
Mt. Jackson, VA 22842

Re: Termination of SCSO Appointment

Dear Jacob:

Effective immediately, your appointment as a Deputy Sheriff with the Shenandoah County Sheriff's Office has been terminated. This week, I became aware of an incident where you were called to investigate a motor vehicle crash with a suspected Drunk Driver. After reviewing the incident, even though the driver admitted to consuming alcohol at least four times, and had crashed into a structure, no effort was made to investigate the Drunk Driving incident. The brief field camera video associated with the crash demonstrates that you had reasonable suspicion to investigate the potential crime, but the video was terminated after your brief communication with the driver and after you performed a preliminary breath test/field sobriety test which also indicated that the driver had potentially consumed alcohol prior to the crash. The driver asked you what the PBT showed and you told him that he was "over the legal limit." You relayed that the driver was "over the legal limit" at least five times. But your investigation concluded at that point.

You made a decision to make a charge of Reckless Driving and was instructed the proper code section for the violation. The summons was issued and the adult driver was allowed to leave with his parents. On the next day, you were notified by the same SCSO supervisor that the code section on the summons you had issued was not the proper code section that you had been instructed to cite. Your supervisor gave you advice on how to remedy the issue, which I have determined that one option that he suggested was improper. Even though you have admitted in the internal SCSO review of this matter that you believed the improper suggestion was in fact improper, you took that action anyway.

You contacted the driver, had him return his copy of the summons, while meeting with the driver – you patted him on the back twice and "fist bumped with him as he left the SCSO, destroyed the entire summons, the accident report was subsequently changed to indicate that "no" violation of law occurred. You did not categorize the video in evidence, which means that the video would be erased in 30 days. In other words, you basically created a scenario where the incident would be erased after 30 days, with the exception of the computer aided dispatch comments or notes.

Your actions demonstrate that you are not committed to obeying the laws of the Commonwealth of Virginia. Your actions in this incident do not uphold the public trust, in that you did not properly and fully investigate the incident of Driving Under the Influence, and the crash as it relates to a later decision of Driving Reckless, to the point that you improperly destroyed records associated with this incident and there was absolutely no effort to follow through with the proper charge concerning the driver's actions. Lastly, your actions were unethical and do not adhere to the ethical standards for a law enforcement officer of this Office, nor the Commonwealth of Virginia.

Your actions in this incident are conduct unbecoming a law enforcement officer and demonstrate both, an inability and an unwillingness to uphold your sworn oath.

Thank you,

Tim

Timothy C. Carter
Sheriff
Shenandoah County

# EXHIBIT E

Exhibit E is a video file, Def. 0020.

It is submitted through Box.com under paragraph 17 of the Scheduling Order, Dkt. No. 22.

# EXHIBIT F

https://www.nvdaily.com/nvdaily/shenandoah-county-deputy-sheriff-fired-over-handling-of-crash/article_c82d6110-dea7-56a0-8839-9b8464115fe8.html

# Shenandoah County deputy sheriff fired over handling of crash

By Alex Bridges The Northern Virginia Daily
May 7, 2024

The Shenandoah County Sheriff's Office recently fired a deputy for his handling of an April 5 alcohol-related traffic crash involving a friend who drove into a barn.

Sheriff Timothy Carter said by phone Tuesday that he terminated Jacob Unger's appointment as a deputy sheriff on April 22. Carter said he made the decision after reviewing the incident, including body-worn camera footage. Carter said he has initiated the process to have Unger decertified as a law enforcement officer.

"So I looked into the incident," Carter said. "I terminated the deputy's appointment here on (April 22) and the supervisor was also disciplined."

The sheriff said he thinks the deputy, in part, did not follow established procedures.

"It was obvious to me as I looked into this incident that the deputy knew the driver," Carter said. "There was some relationship, friendship between the two."

Carter said he knows the identity of the driver but does not plan to release it because the person has not been charged.

Shenandoah County Commonwealth's Attorney Elizabeth Cooper reviewed the incident and found no criminal wrongdoing on the part of sheriff's office staff, Carter said.

"I do want your readers to know the sheriff's office and all the staff take accountability

very seriously and I know my staff are committed to fulfilling their oaths as law enforcement officers, and I think the staff worked hard for the people of Shenandoah County and when we have things of this nature happen, once we're made aware of them we investigate them," Carter said. "We act expeditiously."

Carter said he received a call on April 19 about the April 5 vehicle crash in the Woodstock area to which a deputy sheriff responded.

"So we started to look into what happened during that incident and after I reviewed it, it was obvious that the driver admitted on (body-worn camera) video that they'd been consuming alcohol, and it was obvious that he had crashed into a structure ...," Carter said. "There wasn't a lot of detail with regard to investigating a drunk-driving incident."

The deputy who responded to the scene conducted a preliminary breath test to determine a person's blood-alcohol content. The test results, while not admissible in court, indicated that the driver did have alcohol in his system, Carter said. The deputy told the driver several times the test showed a blood-alcohol content of more than the legal limit of 0.08, Carter said, referring to the video he reviewed. The recording ends shortly after that exchange, he said.

A decision was made to issue a court summons to the driver for reckless driving, Carter said. Another person arrived and took the driver home, Carter said. The next day, a supervisor noticed that the code section on the summons was not the code section the deputy was directed to use, Carter said.

"So the deputy contacted the driver and the driver came in and returned his summons to the deputy," Carter said. "At that point, it is my understanding that the summons was then destroyed and no subsequent charge (was) attempted by the deputy in regard to the reckless driving charge."

---

*– Contact Alex Bridges at abridges@nvdaily.com*